UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> Approximately 12,629 Auto Parts, <br> Defendant. | § <br> § <br> § CIVIL ACTION NO. <br> § <br> § <br> § |

### VERIFIED COMPLAINT FOR CIVIL FORFEITURE
### IN REM AND NOTICE TO POTENTIAL CLAIMANTS

Now comes Plaintiff, the United States of America, by its attorneys Alamdar S. Hamdani, United States Attorney for the Southern District of Texas, and Brandon Fyffe, Assistant United States Attorney, and files this action for forfeiture in rem against the above-entitled Defendant property. The United States respectfully alleges on information and belief as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C §§ 1345 and 1355. The Defendant Property is located in the Southern District of Texas and is within the jurisdiction of this Court. This Court also has jurisdiction over this particular action under 18 U.S.C § 2323(a) (civil forfeiture authority – counterfeit goods).

2. This Court has *in rem* jurisdiction over the Defendant Property pursuant to: (i) 28 U.S.C § 1355(b)(1)(A) because acts giving rise to the forfeiture occurred in this district; and (ii) 28 U.S.C § 1355(b)(1)(B), incorporating 28 U.S.C § 1395, because the action accrued in this district.

### THE DEFENDANT PROPERTY SUBJECT TO FORFEITURE

3. The Defendant Property is described as follows:

   a) Approximately 12,629 Counterfeit Auto Parts,

1

(the "Defendant Property).

## STATUTORY BASIS FOR FORFEITURE

4.  The Defendant Property is subject to forfeiture to the United States under 18 U.S.C §§ 2320 and 2323, which provides for the forfeiture of counterfeit property that is made or trafficked and/or used in violation of 18 U.S.C. Section 2320.

## SUMMARY OF CASE

5.  On May 25, 2022, Homeland Security Investigation ("HSI") agents executed a search warrant and seized approximately 12,629 counterfeit auto parts from Trans World Services that had been illegally imported or trafficked into and within the United States, or used in violation of federal law.

## FACTS OF THE CASE

6.  On May 25, 2022, at approximately 9:30 am, Homeland Security Investigations (HSI) Houston, with the assistance of the Houston Police Department (HPD), executed a search warrant at Trans World Services, Inc. ("TWS"), located at 11500 S Main St, #100, Houston, Texas. The search warrant was executed in furtherance of investigation of illegal counterfeit auto parts.

7.  As a result of the search warrant, HSI Houston seized large amounts of counterfeit auto parts corresponding to multiple manufacturers with an appraised value of approximately $230,000.00 (the Defendant Property), as well as computers and miscellaneous documents. The counterfeit auto parts were transferred to U. S. Customs and Border Protection (CBP), Office of Fines, Penalties and Forfeitures (FP&F). Subsequent to the seizure, some items have been returned to the Claimant after they were determined to be non-counterfeit, but most remain in the possession of the United States.

8.     Since the seizure, the remaining seized items (constituting the Defendant Property) have been examined and evaluated by the United States to determine precisely which individual items comprising the Defendant Property are counterfeit and therefore subject to forfeiture to the United States under federal law.

9.     Pursuant to that investigation and analysis, the United States has determined that the seized items constituting the Defendant property: 1) was or would be intentionally trafficked using counterfeit marks on the items comprising the Defendant Property, or in connection with those goods; and 2) was or would ne intentionally trafficked utilizing items containing counterfeit marks which had been applied thereto with intent to cause confusion, mistake, or deceive.

10.    Accordingly, because the Defendant Property is comprised of counterfeit auto parts or other items containing counterfeit marks in order to effectuate the illegal trafficking of those counterfeit auto parts, the Defendant Property is subject to forfeiture to the United States.

## CONCLUSION

Based on the forgoing facts, there is probable cause to believe that the property seized is subject to forfeiture under 18 U.S.C § 2323(a), which provides for the forfeiture of counterfeit property that is made or trafficked and/or used in violation of 18 U.S.C § 2320.

## NOTICE TO ANY POTENTIAL CLAIMANT

YOU ARE HEREBY NOTIFIED if you assert an interest in the Defendant Property subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or

Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later than thirty-five (35) days from the date this complaint was sent to you in accordance with Rule G(4)(b.

An answer or a motion under Federal Rule of Civil Procedure 12 must be filed no later than twenty-one (21) days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas and a copy must be served upon the undersigned Assistant United States Attorney at the address provided in this Complaint.

## RELIEF REQUESTED

WHEREFORE, the United States of America prays that judgment of forfeiture be entered against the Defendant Property in favor of the United States and will serve notice, along with a copy of the Complaint, on the property owner and on any other persons who reasonably appear to be potential claimants. The United States seeks a final judgment forfeiting the Defendant Property to the United States and any other relief to which the United States may be entitled.

Respectfully submitted,

Alamdar S. Hamdani
United States Attorney
Southern District of Texas

By: */s/ Brandon Fyffe*
Brandon Fyffe
SDTX Federal No. 3698129
Assistant United States Attorney
1000 Louisiana, Suite 2300
Houston, Texas 77002
Telephone (713) 567-9351
Brandon.Fyffe@usdoj.gov

## VERIFICATION

I, Juan Pagan, a Special Agent employed by Homeland Security Investigations, declare under the penalty of perjury, as provided by 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Civil Forfeiture In Rem and Notice to Potential Claimants, and that the facts stated in paragraphs 3-7 are based upon my personal knowledge, upon information obtained from other law enforcement personnel, or upon information I obtained in the course of my investigation, and they are true and correct to the best of my knowledge and belief.

Executed on the 30 day of August, 2024.

_____
Juan Pagan, Special Agent
Homeland Security Investigations